IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| NATIONAL TRUST INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 2:11cv71-WHA-TFM (WO) |
| LARRY BURDETTE and NANCY VATCA, as Co-Administrators of the ESTATE of NICHOLAS T. BURDETTE, Deceased; A-1 INDUSTRIAL MAINTENANCE, INC.; ARONOV REALTY MANAGEMENT, INC.; EASTDALE MALL, LLC, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

## I.  INTRODUCTION

This case is before the court on a Motion to Dismiss (Doc. #9) filed by Defendants Larry

Burdette and Nancy Vatca (collectively, the "Moving Defendants").

Plaintiff, National Trust Insurance Company ("National Trust"), filed a Complaint in this

court on January 28, 2011, against the Moving Defendants, as well as Defendants A-1 Industrial

Maintenance, Inc. ("A-1 Industrial"), Aronov Realty Management, Inc. ("Aronov"), and

Eastdale Mall, LLC ("Eastdale Mall").  In the Complaint, National Trust requests that this court

grant declaratory judgment in its favor and find that it owes no obligation to defend or indemnify

A-1 Industrial, Aronov, or Eastdale Mall in a currently-pending state court action.  The Moving

Defendants have moved to dismiss National Trust's Complaint in its entirety, on the basis of

abstention.

The court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity), because there is complete diversity of citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs.  *See Roe v. Michelin N. Am., Inc.*, 637 F. Supp. 2d 995, 999-1000 (M.D. Ala. 2009) (Thompson, J.) (stating that judicial expertise and common sense may be applied to determine that a wrongful death claim in Alabama, due to punitive damages, exceeds the amount in controversy requirement, and finding the amount in controversy requirement was met when, like in the state court complaint in the instant case, the plaintiff alleged wanton conduct that caused the wrongful death at issue).

For reasons to be discussed, the Motion to Dismiss is due to be DENIED.


## II.  <u>MOTION TO DISMISS STANDARD</u>

The court accepts the plaintiff's factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993).  In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief.  *See Ashcroft v. Iqbal,* _ U.S. _,  129 S. Ct. 1937, 1949-50 (2009).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint

must contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

The factual allegations "must be enough to raise a right to relief above the speculative level." *Id.*

at 555.

## III.  FACTS

The allegations of the Plaintiff's Complaint are as follows:

On June 20, 2010, Nicholas T. Burdette died while working as a janitor at the Eastdale

Mall in Montgomery, Alabama.  Nicholas's parents, the Moving Defendants, sued Aronov,

Eastdale Mall, A-1 Industrial, and other parties for wrongful death in Alabama state court (the

"Burdette Lawsuit").[1]  The Moving Defendants alleged that Nicholas died due to the inhalation

of industrial refrigerant (freon R-22) from either Eastdale Mall's cooling system, Eastdale Mall's

skating rink's cooling system, or both.  The Moving Defendants further alleged that the reason

Nicholas inhaled the refrigerant was due to Aronov, Eastdale Mall, and A-1 Industrial's failure

to properly "monitor, maintain, inspect, and/or repair" these cooling systems and their

component parts.

Prior to the Burdette Lawsuit National Trust issued a Commercial General Liability

Policy (the "Insurance Policy") to A-1 Industrial, which potentially creates an obligation to, *inter

alia*, defend and indemnify A-1 Industrial, Aronov, and Eastdale Mall in the Burdette Lawsuit.

National Trust is currently defending A-1 Industrial in the Burdette Lawsuit.  However, National

Trust asserts that it has no duty to defend or indemnify A-1 Industrial, Aronov, or Eastdale Mall

---

[1]The suit was brought in the Circuit Court of Montgomery County, Alabama.  *See* Exs.
A, B.

due to exclusions in the Insurance Policy.  National Trust brought the instant declaratory

judgment action to have this court order that National Trust has no such duties.


## IV.  DISCUSSION

The Moving Defendants argue that this court should abstain from deciding National

Trust's declaratory judgment action under the *Wilton-Brillhart* Abstention Doctrine.  The court

rejects the Moving Defendants' argument, because the *Wilton-Brillhart* Abstention Doctrine

does not apply to this case.

"[D]istrict courts possess discretion in determining whether and when to entertain an

action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter

jurisdictional prerequisites."  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 281-82 (1995) (citing

*Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942)).  In declaratory judgment actions, "the

normal principle that federal courts should adjudicate claims within their jurisdiction yields to

considerations of practicality and wise judicial administration."  *Id.* at 288.

Under the *Wilton-Brillhart* Abstention Doctrine, both the Eleventh Circuit and Supreme

Court have cautioned against a district court exercising its jurisdiction over a declaratory

judgment action when "another suit is pending in a state court [1] presenting the same issues, [2]

not governed by federal law, [3] between the same parties."  *Ameritas Variable Life Ins. Co. v.*

*Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) (quoting *Brillhart*, 316 U.S. at 495).  If a suit

presents these issues, the Eleventh Circuit has espoused nine factors for district courts to

consider when determining whether to exercise jurisdiction over such a suit.  *Id.* at 1331.[2]

In *Ameritas*, the Eleventh Circuit applied the *Wilton-Brillhart* Abstention Doctrine, and

held that it was not an abuse of discretion for a district court to abstain when (1) in federal court,

an insurer sought a declaratory judgment as to whether the insured's beneficiary could claim

death benefits from an insurance policy; and (2) in state court, the insured's beneficiary filed an

action against the insurer for, among other claims, breach of the insurance policy.  *Id.* at 1329-

30.

In contrast to *Ameritas*, the *Wilton-Brillhart* Abstention Doctrine does not apply to the

instant case.  First, National Trust, unlike the insurer in *Ameritas*, is not a party to the state-court

suit in this case.  Second, the issue of National Trust's insurance policy's applicability or validity

---

[2]These factors are:
(1) the strength of the state's interest in having the issues raised in the federal
declaratory action decided in the state courts;
(2) whether the judgment in the federal declaratory action would settle the
controversy;
(3) whether the federal declaratory action would serve a useful purpose in
clarifying the legal relations at issue;
(4) whether the declaratory remedy is being used merely for the purpose of
"procedural fencing"-that is, to provide an arena for a race for res judicata or to
achieve a federal hearing in a case otherwise not removable;
(5) whether the use of a declaratory action would increase the friction between
our federal and state courts and improperly encroach on state jurisdiction;
(6) whether there is an alternative remedy that is better or more effective;
(7) whether the underlying factual issues are important to an informed resolution
of the case;
(8) whether the state trial court is in a better position to evaluate those factual
issues than is the federal court; and
(9) whether there is a close nexus between the underlying factual and legal issues
and state law and/or public policy, or whether federal common or statutory law
dictates a resolution of the declaratory judgment action.
*Ameritas*, 411 F.3d at 1331.

is not at issue in the state-court suit.  Accordingly, the *Wilton-Brillhart* Abstention Doctrine does

not apply, and therefore, this court need not engage in analyzing the nine *Ameritas* factors in

deciding whether to exercise jurisdiction.  *See also Specialty Underwriters Alliance v. Peebles*

*McManus LLC*, 643 F. Supp. 2d 1298, 1301 (M.D. Ala. 2009) (Fuller, C.J.) ("Here, neither the

parties nor the issues are the same in the underlying state suit. . . . Hence, this case is unlike

*Brillhart*, *Wilton*, and [*Ameritas*], which all involved (and only bind this Court with respect to)

"parallel" proceedings between the same parties and involving the same issues.").[3]

## V.  CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Motion to Dismiss (Doc. #9)

is DENIED.


Done this 11th day of May, 2011.


/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE

---

[3]All of the cases cited by the Moving Defendants, in addition to *Ameritas*, are distinguishable because they involved state court suits that were identical in terms of issues and parties to the federal declaratory suits.  *See Great Lakes Reinsurance (UK) PLC v. TLU Ltd.*, 298 F. App'x 813, 814, 817 (11th Cir. 2008); *St. Paul Fire & Marine Ins. Co. v. Johnson Homes of Meridian, Inc.*, No. 05-0412-C, 2005 WL 2739141, *1-2, *9 (S.D. Ala. Oct. 24, 2005).